# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVELL FRIERSON,<br><br>            Plaintiff,<br><br>      v.<br><br>U. OJEDA,<br><br>            Defendant.<br>_____/ | Case No. 1:14-cv-00553-LJO-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM BE DENIED<br><br>(Doc. 14)<br><br>OBJECTION DEADLINE: FIFTEEN DAYS |

## I.  Procedural History

Plaintiff Lavell Frierson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 18, 2014. This action is proceeding on Plaintiff's claim for damages against Defendant Ojeda ("Defendant") for endangering Plaintiff's safety, in violation of the Eighth Amendment of the United States Constitution

On July 8, 2015, Defendant filed a motion to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Plaintiff filed an opposition on July 31, 2015, and Defendant filed a reply on August 6, 2015. Defendant's motion to dismiss has been submitted upon the record pursuant to Local Rule 230(*l*), and for the reasons that follow, the Court recommends the motion be denied.

///

///

## II. **Motion to Dismiss Standard**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000). Courts may not supply essential elements not initially pled, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), but "[c]ourts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by inmates," *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). Pro se complaints "may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)). "This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Blaisdell*, 729 F.3d at 1241.

///

///

**III.    Discussion**

    **A.    Introduction**

Plaintiff's complaint was screened and the Court determined it stated a claim upon which relief may be granted.  28 U.S.C. § 1915A; *Nordstrom*, 762 F.3d at 908 ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting *Wilhelm*, 680 F.3d at 1121); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (section 1915(e)(2)(B)(ii) screening standard is the same as Rule 12(b)(6) standard).  Defendant's acknowledgement that the complaint was screened is noted; however, he presents no arguments which persuade the Court it erred in determining that Plaintiff's Eighth Amendment claim was cognizable or that any other grounds justifying relief from the screening order exist.  *See Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005) ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result.").  As explained below, Plaintiff's allegations are sufficient to allow him to proceed past the pleading stage.

    **B.    Eighth Amendment Failure-to-Protect Standard**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (quotations omitted).  Prison officials have a duty to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.  *Farmer*, 511 U.S. at 833-34 (quotations omitted); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).  However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference

to conditions posing a substantial risk of serious harm to an inmate. *Farmer*, 511 U.S. at 834, 841 (quotations omitted); *Clem*, 566 F.3d at 1181; *Hearns*, 413 F.3d at 1040.

### C. Claim Against Defendant Ojeda

Plaintiff's claim is premised not on the unconstitutionality of double celling but on Defendant's endangerment of his safety. Plaintiff is entitled to have his factual allegations taken as true and construed in the light most favorable to him, and he is entitled to be afforded the benefit of any doubt. *Nordstrom*, 762 F.3d at 908; *Blaisdell*, 729 F.3d at 1241. Moreover, Plaintiff is required only to allege a short and plain statement of his claim, Fed. R. Civ. P. 8(a)(2) *Johnson v. City of Shelby*, __ U.S. __, __, 135 S.Ct. 346, 346 (2014) (per curiam), and at the pleading stage, Plaintiff need only present facts supporting – not proving - a claim that Defendant knowingly disregarded a substantial risk of harm to his safety.

Plaintiff alleges as follows:

Plaintiff was on death row and after his sentence was commuted to life, he was transferred to Centinela State Prison in 2008. (Comp., Ex. A, court record p. 12.) Plaintiff had difficulty adjusting to prison life away from the seclusion and security of death row, where he had been for thirty years, and he began to have mental health issues, which resulted in the recommendation that he be single-celled. (*Id.*) In April 2013, Plaintiff was transferred to Pleasant Valley State Prison. (*Id.*)

On June 5, 2013, Defendant Doe, a correctional sergeant, approved a bed move resulting in the assignment of a cellmate for Plaintiff. On that date, Defendant Ojeda arrived at Plaintiff's cell with a newly arrived unclassified inmate and informed Plaintiff he was going to have a cellmate. Plaintiff protested that he was a single-cell inmate and tried to show Defendant Ojeda his mental health chrono. Plaintiff then tried to exit the cell to obtain assistance from the correctional sergeant, but Defendant Ojeda blocked Plaintiff's way in a threatening, provocative manner and placed his hand on his pepper spray.

Plaintiff became nervous, confused, and fearful, which increased Defendant Ojeda's agitation and aggressiveness. Defendant Ojeda shouted at Plaintiff to get to the back of the cell, and he withdrew and raised his pepper spray canister. Plaintiff quickly jumped back and hit his head on the cell locker in the process. Defendant Ojeda glared at Plaintiff and said, "You're not on single-cell status! You know what you got to do, OG? You got to stab-up your cellie and earn that status. I read that chrono of yours a hundred times. You can tell mental health anything and they will believe you, but I'm going to keep putting inmates in the cell with you because (in my eyes) you're not single-cell status. It's up to you, OG." (*Id.*, p. 6.)

Plaintiff alleges that he is 5'7 and 160 pounds while his new cellmate was 6'5 and 150 pounds. Based on Defendant Ojeda's statement that he would have to "stab-up" his cellie to get single cell status, Plaintiff felt his life was in danger from his cellmate; and he suffered debilitating fear, anxiety, and despondency. Plaintiff

> alleges that the incident left him with lasting mental and emotional health issues, and he now requires medication to sleep and control his anxiety. In addition, Plaintiff suffered a painful head wound from hitting the locker on June 5, 2013, and he endured migraine headaches, periodic nose bleeds, and insomnia.

(Doc. 6, Screening Order, 2:22-3:22.)

Eighth Amendment conditions-of-confinement claims are not dependent actual harm coming to fruition; it is the exposure to a *risk* of substantial harm that is of consequence.[1] *Parsons v. Ryan*, 754 F.3d 657, 676-77 (9th Cir. 2014). In this case, Defendant confronted an inmate with known mental health issues who insisted he was on single-cell status.[2] In response, Defendant informed him that he was not on single cell status and he would have to stab his cellmate to earn that status. Defendant did so in front of the cellmate, who was an unclassified new arrival and who was substantially larger than Plaintiff in height and weight. Plaintiff's allegations cannot be divorced from the tenseness inherent in the prison setting in which they occurred; and at the pleading stage, they clearly suffice to support the existence of a viable Eighth Amendment claim based on Defendant's creation of a hostile situation between the two inmates that endangered Plaintiff's safety.[3] *Nordstrom*, 762 F.3d at 908; *Wilhelm*, 680 F.3d at 1122. Defendant's arguments to the contrary have no merit.

## IV.     Recommendation

Based on the foregoing, the Court finds that Defendant has failed to meet his burden as the party moving for relief and it HEREBY RECOMMENDS that Defendant's motion to dismiss for failure to state a claim, filed on July 8, 2015, be DENIED, with prejudice.[4]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

---

[1] As to damages, the absence of any physical injury impacts, but does not vitiate, the constitutional claim. 42 U.S.C. § 1997e(e); *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002).

[2] (Doc. 1, Comp., pp. 6 ¶8 & 13.)

[3] Defendant's argument that the allegations against him are even more attenuated than those against the Doe defendant who was dismissed is untenable. That defendant was not present, did not make any antagonistic comments, and did nothing more than approve a bed move.

[4] Because the Court finds that Defendant is not entitled to the relief he seeks, it does not address the new allegation in Plaintiff's opposition regarding a fight during which his new cellmate gave him a black eye. That allegation would have been relevant in determining whether Plaintiff should be granted leave to amend but his complaint states a claim as pled. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).

5

**fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses, if any, are due within **ten (10) days** from the date the objections are filed. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 29, 2015**                                **/s/ Sheila K. Oberto**
                                                                                      UNITED STATES MAGISTRATE JUDGE