1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LAVELL FRIERSON,

      Plaintiff,

    v.

U. OJEDA,

      Defendant.

_____/

Case No. 1:14-cv-00553-LJO-SKO (PC)

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

(Doc. 17)

Plaintiff Lavell Frierson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 18, 2014.  On July 31, 2015, Plaintiff filed a motion seeking the appointment of counsel.

Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist.  *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

1    In the present case, the Court does not find the required exceptional circumstances.  Even

2    if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations

3    which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with

4    similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a

5    determination that Plaintiff is likely to succeed on the merits, and based on a review of the record

6    in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  *Palmer*,

7    560 F.3d at 970.  While the Court recognizes that Plaintiff is at a disadvantage due to his pro se

8    status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of

9    counsel.  *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts

10   during litigation and a pro se litigant will seldom be in a position to investigate easily the facts

11   necessary to support the case.")  The test is whether exceptional circumstances exist and here, they

12   do not.

13        For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY

14   DENIED, without prejudice.

15

16   IT IS SO ORDERED.

17   Dated:   __October 2, 2015__                    _____**/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28