UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVELL FRIERSON,<br><br>             Plaintiff,<br><br>    v.<br><br>OJEDA,<br><br>             Defendant. | No. 1:14-cv-00553 DAD DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROPOUND ADDITIONAL INTERROGATORIES<br><br>(Document 28) |

Plaintiff Lavell Frierson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on April 18, 2014. The action is proceeding against Defendant Ojeda for violation of the Eighth Amendment. The action is currently in discovery.

On June 3, 2016, Plaintiff filed the instant motion for leave to propound an additional twenty-four interrogatories. Defendant opposed the motion on June 17, 2016, and Plaintiff filed his reply on June 27, 2016. The motion is ready for decision pursuant to Local Rule 230(l).

**<u>DISCUSSION</u>**

Federal Rule of Civil Procedure 33(a)(1) limits the number of interrogatories one party may serve on another to twenty-five. If a party wishes to serve additional interrogatories, he or she must obtain leave from the Court to do so. Fed.R.Civ.P. 33(a)(1).

Although a pro se litigant need not make a "particularized showing" that he is entitled to propound additional interrogatories, *see McNeil v. Hayes*, 2014 WL 1125014, at *2 (E.D. Cal.

2014), he must nonetheless demonstrate good cause. *See* Fed.R.Civ.P. 26(b)(1); *Cantu v. Garcia*, 2013 WL 101667 (E.D. Cal. 2013); *Eichler v. Tilton*, 2010 WL 457334, at *1 (E.D. Cal. 2010).

Here, Plaintiff served his first set of twenty-seven interrogatories on February 16, 2016. Wheeler Decl. ¶ 2. Defendant responded in full on April 1, 2016. Wheeler Decl. ¶ 3. On April 14, 2016, Plaintiff propounded his second set of interrogatories, which included an additional twenty-four interrogatories. Wheeler Decl. ¶ 5. On May 18, 2016, Defendant objected to the interrogatories because Plaintiff did not first obtain leave of Court to propound the additional interrogatories. Wheeler Decl. ¶ 6.

Plaintiff did not know of the limitations in Rule 33 when he served his first set of interrogatories. He contends that the additional interrogatories are necessary to show that Defendant intentionally placed his life in danger when he told Plaintiff that he had to stab his cellie to earn single-cell status. Specifically, Plaintiff argues that the additional interrogatories will show that Defendant went out of his way to place Inmate Walker in his cell, which created a hostile environment that could have resulted in injury.

Defendant correctly notes that Plaintiff has failed to explain why the first twenty-seven interrogatories were insufficient. However, given that Plaintiff is an incarcerated prisoner proceeding pro se, this does not end the inquiry. Discovery must be limited if it is unreasonably cumulative or duplicative, Fed.R.Civ.P. 26(b)(2) (C)(i), but that determination must be viewed through the lens of Plaintiff's pro se status.

The Court has reviewed both the first and second sets of interrogatories and finds that there is no evidence that Plaintiff is abusing the discovery process, or that the additional discovery is unreasonably cumulative or duplicative. Many of interrogatories in the first set were rather general, and many required simple responses. The second set, however, asks specific questions about the events at issue, including questions directed at discovering why Defendant took the actions of which Plaintiff complains. Even though the second set is more issue-specific, the questions are not overly complex.

///

///

     Defendant suggests that this case is relatively simple, and that twenty-seven questions should be enough.  Again, however, Plaintiff is proceeding pro se, and without formal legal training, and Defendant will not be overly burdened in responding to the additional questions.

     Plaintiff's motion is therefore GRANTED.  Defendant SHALL respond to the second set of interrogatories within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

    Dated:   **July 6, 2016**                       /s/ *Dennis L. Beck*
                                                      UNITED STATES MAGISTRATE JUDGE