UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVELL FRIERSON,<br><br>              Plaintiff,<br><br>      v.<br><br>OJEDA,<br><br>              Defendant. | No. 1:14-cv-00553 DAD DLB PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL<br><br>(Document 32) |

Plaintiff Lavell Frierson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on April 18, 2014. The action is proceeding against Defendant Ojeda for violation of the Eighth Amendment.[1]

The discovery deadline was August 2, 2016, though Plaintiff's motion to extend this deadline is pending.

On July 27, 2016, Plaintiff filed the instant motion to compel responses to his Request for Production of Documents, Numbers 1-4. Defendant opposed the motion on August 12, 2016, and Plaintiff filed his reply on August 22, 2016. The motion is ready for decision pursuant to Local Rule 230(l).

///

///

---

[1] On August 8, 2016, the Court issued an order setting the matter for a settlement conference on November 10, 2016.

1

**DISCUSSION**

Unless otherwise limited by Court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control hereof or the legal right to obtain the property on demand." *Allen v. Woodford*, 2007 WL 309945, *2 (E.D.Cal. 2007) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)); *accord Bovarie v. Schwarzenegger*, 2011 WL 719206, at *4 (S.D.Cal. 2011); *Evans v. Tilton*, 2010 WL 1136216, at *1 (E.D.Cal. 2010).

Request for Production Number 1

Plaintiff requests documents "possessed by 'PVSP' central service control room for all available bed space roster sheet for B yard facility 3 from June 5 to June 10, 2013."

In responding, Defendant objected that the request was vague, ambiguous and unduly burdensome and sought information that was not relevant. Despite these objections, Defendant indicated that he had no such documents in his possession, custody or control.

Plaintiff argues that this information is relevant to show that there was available bed space in orientation for Inmate Walker, and that Defendant went out of his way to place Inmate Walker in Plaintiff's cell.

///

The Court does not find the request to be vague, ambiguous or unduly burdensome. However, the Court agrees with Defendant that the requested information is not relevant to Plaintiff's claim.

Plaintiff's Eighth Amendment claim against is based on his contention that Defendant knowingly disregarded a substantial risk to his safety on June 5, 2013, after another officer approved a bed move that resulted in a cellmate for Plaintiff.  Defendant arrived at Plaintiff's cell, with the new cellmate, and told Plaintiff that he had a cellmate.  Plaintiff told Defendant that he was single-cell status, and Defendant became agitated and aggressive.  He shouted at Plaintiff to get to the back of the cell, and withdrew and raised his pepper spray canister.  He glared at Plaintiff and said, "You're not on single-cell status!  You know what you got to do, OG?  You got to stab-up your cellie and earn that status.  I read that chrono of yours a hundred times.  You can tell mental health anything and they will believe you, but I'm going to keep putting inmates in the cell with you because (in my eyes) you're not single-cell status.  It's up to you, OG."  ECF No. 1, at 6.

Whether there was other bed space for Inmate Walker on June 5, 2016, is not relevant to Defendant's actions in enforcing the order once he arrived at the cell.  This is especially the case where another officer, *not* Defendant, reviewed and approved the bed move.

Notwithstanding his objections, Defendant indicated that he did not have any documents in his possession, custody or control.  While this may ultimately be the case, a party making such a statement must provide sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, 2010 WL 892093, at *2-3 (E.D.Cal. 2010).  If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.  *Ochotorena v. Adams*, 2010 WL 1035774, at *3-4 (E.D.Cal. 2010).  A boilerplate statement, without more, does not suffice.

///

///

To remedy this, the Court generally requires a supplemental response setting forth the required information.  However, as the Court has determined that the requested documents are not relevant, it will not require a supplemental response.

Plaintiff's motion to compel a further response to Request Number 1 is DENIED.

Request for Production Number 2

Plaintiff requests documents "possessed by 'PVSP' central service control room for B yard facility 3 third watch on June 5, 2013, all GA 154 bed move assignment to June 10, 2013."

In response, Defendant objected because the request was vague, ambiguous and unduly burdensome and sought information that was not relevant.  Defendant also objected because the information sought is not subject to disclosure to Plaintiff, and subject to the official information privilege.  Despite these objections, Defendant indicated that he had no such documents in his possession, custody or control.

Plaintiff contends that this information will show that Defendant requested the bed move assignment and went out of his way to place Inmate Walker in his cell.  Plaintiff also believes that the documents will show that Inmate Walker was removed from his cell four days later.

As Defendant describes it, a GA154 is an Inmate Transfer/Assignment Housing Change form and would contain the name of one or more inmates, their current location, as well as the location to which they are being moved.  Again, while the request is not necessarily vague or ambiguous, the Court finds that such information is not relevant to Plaintiff's narrow cause of action- Defendant's actions after he arrived at Plaintiff's cell and Plaintiff's subsequent reaction.

Plaintiff's motion to compel a further response to Request Number 2 is DENIED.

Request for Production Number 3

Plaintiff requests mental health log books kept in each correctional custody staff office, of each housing unit in B, yard facility 3, at PVSP for June 5, 2013, to June 30, 2013.

In response, Defendant objected because the request was vague, ambiguous and unduly burdensome and sought information that was not relevant.  Defendant also objected because (1) the information sought is confidential and protected by third parties' right to privacy; and (2)

///

4

disclosure could jeopardize the safety and security of the institution. Despite these objections, Defendant again indicated that he had no such documents in his possession, custody or control.

Plaintiff argues that the request is relevant because it will show that Defendant knew of his mental health status after Plaintiff was single-celled for two months. He also clarifies that he is only seeking his own mental health logs kept in the correctional custody staff office of B yard, facility 3.

The Court agrees that logs limited to Plaintiff are relevant. However, the request, as phrased, asks for logs from the date of the incident, forward. Any information for dates after June 5, 2013, would not be relevant to show what Defendant knew on or prior to June 5, 2013. Thus, a limitation to Plaintiff's records as of June 5, 2013, the earliest date specified in his request, is proper.

In any event, Defendant indicated that he does not have possession, custody or control of such documents. While he provides additional information in his opposition to the motion about the results of a search, this information must be provided in a supplemental response.

Plaintiff's motion to compel a further response to Request Number 3 is therefore GRANTED.

<u>Request for Production Number 4</u>

Plaintiff requests "any and all formal and informal complaints filed against Defendant, staff complaints, 602s, including but not limited to failure to follow doctors' orders or failure to honor accommodation chrono, mental health chrono, abuse of inmates, abuse of using force unnecessary against inmates, abuse of his authority against inmates. . ."

Defendant objected to the request as vague, ambiguous and seeking irrelevant information. Defendant also objected because the request seeks information protected by his right to privacy, as well as the right to privacy of third parties. Finally, Defendant cited the official information privilege.

Plaintiff believes that this information will show that Defendant is violent towards inmates, and has a history of being abusive towards inmates.

///

    The Court agrees that the request is overbroad, but if narrowed, may lead to relevant information. Thus, Plaintiff's request must be narrowed to include only those grievances, complaints, etc. filed against Defendant that are factually similar to Plaintiff's allegations in the instant action. Further, Plaintiff's request must be narrowed to a specific time period. The events giving rise to the claims in this action occurred in June 2013. Accordingly, the documents requested by Plaintiff are limited to the time period between June 2012 to July 5, 2013.

    Insofar as Defendant cites various privileges, he has not provided a privilege log, or provided enough specific information to support his claims. *Soto v. City of Concord*, 162 F.R.D. 602, 613 (N.D. Cal. 1995). Nonetheless, the Court will permit Defendant to redact identifying information, as discussed below.

    Plaintiff's motion to compel a further response to Request Number 4 is therefore GRANTED IN PART.

## ORDER

    Plaintiff's motion to compel is DENIED IN PART and GRANTED IN PART, as set forth above. Defendant shall provide Plaintiff with a supplemental response to Request Numbers 3 and 4, as narrowed, within thirty (30) days of the date of service of this order. Defendant may redact from the relevant documents any information relating to the identities of third parties.

IT IS SO ORDERED.

Dated: **August 26, 2016**     /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE