UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVELL FRIERSON, | 1:14-cv-00553-DAD-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY (ECF No. 33.) |
| vs. | |
| OJEDA, | ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF No. 39.) |
| Defendant. | |
| | ORDER FOR DEFENDANT TO SERVE RESPONSES TO SIX INTERROGATORIES NO LATER THAN OCTOBER 28, 2016 USING FEDERAL EXPRESS, AND TO BRING A COPY OF THE RESPONSES TO THE SETTLEMENT CONFERENCE ON NOVEMBER 10, 2016 |
| | Settlement Conference November 10, 2016 at 1:00 p.m. Before Magistrate Judge Kendall J. Newman U.S. District Court, Courtroom 25, Sacramento, CA |

## I.      BACKGROUND

Lavell Frierson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  This case proceeds with Plaintiff's initial Complaint, filed on April 18, 2014, against defendant Correctional Officer U. Ojeda ("Defendant") on Plaintiff's Eighth Amendment Claim arising out of the placement of a

cellmate in Plaintiff's cell.  This case is scheduled for a settlement conference on November 10, 2016 at 1:00 p.m. before Magistrate Judge Kendall J. Newman at the United States District Court, 501 I Street, Sacramento, California, in Courtroom 25.  (ECF No. 34.)

On December 2, 2015, the Court issued a discovery and scheduling order setting out case deadlines, including deadlines of August 2, 2016 for completion of discovery and October 11, 2016 for the filing of dispositive motions.  (ECF No. 25.)  The discovery deadline has now expired.  On July 28, 2016, Plaintiff filed a motion for a forty-five-day extension of the discovery deadline.  (ECF No. 33.)  On August 17, 2016, Defendant filed an opposition to the motion.  (ECF No. 36.)  On August 29, 2016, Plaintiff filed a reply.  (ECF No. 43.)  The motion is now ready for ruling.  Local Rule 230(*l*).

On August 19, 2016, Plaintiff filed an Opposition to Defendant's Responses to Set Two Interrogatories, which the Court construes as a motion to compel discovery responses.  (ECF No. 39.)  On September 1, 2016, Defendant filed an opposition to the motion.  (ECF No. 45.)  On September 14, 2016, Plaintiff filed a reply.  (ECF No. 47.)  The motion is now ready for ruling.  Local Rule 230(*l*).

Now before the Court are Plaintiff's motions to extend discovery and to compel discovery responses.

## II.    MOTION TO EXTEND THE DISCOVERY DEADLINE

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the Court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

Plaintiff requests a forty-five-day extension of the Court's August 2, 2016 deadline to complete discovery.  Plaintiff asserts that he is not a jailhouse lawyer and is only entitled to 5 1/2 to 6 hours a week in the law library, during which time he competes with other inmates for resources such as the computer and typewriter.  Plaintiff requests additional time to file a motion to compel discovery against Defendant Ojeda, specifically to compel responses to interrogatories, requests for admission, and production of documents, set one.

In opposition, Defendant argues that Plaintiff has not demonstrated good cause for an extension of the discovery deadline.  Defendant asserts that Plaintiff has not explained how any of Defendant's responses were improper or insufficient; has not demonstrated that he was diligent in conducting discovery; and has not demonstrated that the discovery requests that would be the subject of any motion to compel were appropriate and served in a timely manner.

**Discussion**

The Court finds that Plaintiff was unable to complete discovery with respect to interrogatories before the Court's August 2, 2016 deadline expired, even with due diligence. On July 6, 2016, the Court granted Plaintiff leave to propound interrogatories exceeding the statutory limit of 25 interrogatories under Rule 33(a)(1).  (ECF No. 31.)  Defendants were granted 30 days in which to respond to the additional interrogatories.  (Id.)  On August 3, 2016, Defendant served Plaintiff with timely responses to the interrogatories.  However, by then Plaintiff had lost his ability to bring a timely motion to compel further responses to the interrogatories as the discovery deadline had expired.  Thus, Plaintiff was unable to file a motion to compel, through no fault of his own.  On August 19, 2016, Plaintiff filed a motion to compel further responses to interrogatories, which is now pending.  (ECF No. 39.)  Based on the foregoing, and good cause showing, Plaintiff's August 19, 2016 motion to compel responses to interrogatories shall be deemed timely filed.

Plaintiff also requests additional time to bring a motion to compel further responses to his request for production of documents, set one.  This request is moot, because on July 27, 2016, Plaintiff filed a motion to compel further responses to his request for production of documents, set one, and the motion was partially granted on August 26, 2016.  (ECF Nos. 32,

42.)  Therefore, Plaintiff's motion to extend time to file a motion to compel responses to his motion for production of documents, set one, shall be denied.

Plaintiff also requests additional time to bring a motion to compel responses to his request for admissions.  Plaintiff asserts that he has not received any response to his request for admissions from Defendant.  Plaintiff has not shown good cause for an extension of time to file a motion to compel admissions.  Plaintiff asserts that he was only allowed 5 1/2 to 6 hours per week at the law library, but this does not demonstrate that Plaintiff used due diligence but was still unable to file his motion to compel admissions before the August 2, 2016 discovery deadline.  Discovery was open in this case for eight months and Plaintiff has not explained why he could not file his motion to compel admissions before the deadline expired.  Therefore, the Court shall deny Plaintiff an extension of time to file a motion to compel admissions.

## III.    MOTION TO COMPEL

### A.    <u>Federal Rules of Civil Procedure 26(b) and 37(a)</u>

Under Rule 26(b), "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within the scope of discovery need not be admissible in evidence to be discoverable."

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses.  Fed. R. Civ. P. 37(a).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  <u>See</u> <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

**B.**   **Parties' Positions**

Plaintiff argues that Defendant responded to the wrong set of interrogatories when he responded to Plaintiff's Interrogatories, Set Two.  Plaintiff explains that there are two different versions of his Interrogatories, Set Two, and Defendant responded to the first version instead of the second version.  Now, Plaintiff seeks to compel Defendant to respond to the second version of his Interrogatories, Set Two, within 7 days.

Plaintiff asserts as follows.  On April 14, 2016, Plaintiff served Defendant with Plaintiff's Interrogatories, Set Two.  Defendant objected to the Interrogatories because Plaintiff exceeded the number of interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure.  On June 3, 2016, Plaintiff filed a motion to amend and propound an additional twenty-four interrogatories on Defendant.   Defendant opposed the motion on June 17, 2016, and on June 27, 2016, the court issued an order granting Plaintiff's motion and ordering Defendant to respond to the second set of 24 interrogatories within thirty days.  Plaintiff argues that the order referred to the set of 24 interrogatories he attached to his motion when making the decision to grant Plaintiff's motion.   Plaintiff asserts that Defendant responded to a set of 25 interrogatories, not the 24 interrogatories the court ordered Defendant to respond to.

In opposition to Plaintiff's motion to compel, Defendant first argues that the motion is untimely because it was filed after the August 2, 2016 discovery deadline.  Defendant next argues that he should not be required to respond to more interrogatories, because Defendant timely responded to the only two sets of interrogatories that have been served on him in this action:  (1) the first set of 27 interrogatories served on Defendant on February 16, 2016, and (2) the second set of interrogatories served on Defendant on April 14, 2016.  Defendant asserts that Plaintiff's motion of June 3, 2016 specifically requested that he be permitted leave to propound the second set of interrogatories that had been served on April 14, 2016.  (ECF No. 31.) Defendant asserts that when the court granted Plaintiff's motion on July 6, 2016, the court specifically referred to the declaration of Defendant's counsel, as well as the interrogatories attached to it, and these interrogatories were the interrogatories that had been served on

Defendant on April 14, 2016.  (Id.)  Defendant also asserts that it appears the court assumed, as did Defendant, that the set of interrogatories attached to Plaintiff's motion was, in fact, the same set that had been served on Defendant.   On August 3, 2016, Defendant responded to Plaintiff's Interrogatories, Set Two, that were served on April 14, 2016.  (See Wheeler Decl., ¶9.)

**C.**    **Discussion**

First, the Court finds Plaintiff's motion to compel, filed on August 19, 2016, to be timely.  (See page 3 of this order.)

Next, the Court finds that Court's order of July 6, 2016 was ambiguous and could have been reasonably interpreted by the parties in different ways.  Plaintiff reasonably interpreted the order to require Defendant to respond to the amended version of Plaintiff's Second Set of Interrogatories, whereas Defendant reasonably interpreted the order to require him to respond to the initial version of Plaintiff's Second Set of Interrogatories served upon Defendant on April 14, 2016.

Plaintiff's motion shall be granted in part.  Defendant shall be required to respond only to the six interrogatories that Plaintiff actually amended, Numbers 30, 39, 40, 44, 45, and 47, as follow:

| Interrogatory No. 30. | Why did you knowingly ignore plaintiff single cell status mental health chrono pending assessment and intervention by mental health staff. |
|---|---|
| Interrogatory No. 39. | Inmates who stab his celly and or have in cell violence is one of the concern in considering a inmate for single cell status. |
| Interrogatory No. 40. | Is that why you told plaintiff he have to stab up his celly in order to earn single cell status. |
| Interrogatory No. 44. | Why did you block the cell doorway in a hostile provocative stance in not allowing plaintiff out of the cell to speak with a sergeant. |
| Interrogatory No. 45. | Why was it necessary to raise your can of pepper spray to plaintiff face to threaten and force him to the back of the cell. |
| Interrogatory No. 47. | After you raised your pepper spray weapon to plaintiff face threaten to spray as he jumped back and hit his head on the locker in the cell as he retreated to the back of the cell did you check and see if he needed any medical attention. |

Defendant is required to respond to these six interrogatories in good faith no later than October 28, 2016, using Federal Express.  Plaintiff shall also bring a copy of his responses to the Settlement Conference on November 10, 2016.  Boilerplate objections are disfavored, and Defendant should state any objections in plain language that a pro se party will likely understand.  Plaintiff must accept Defendant's responses as given and shall not be granted leave to bring another motion to compel.

**IV.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion to extend discovery, filed on July 28, 2016, is DENIED;

2.    Plaintiff's motion to compel responses to interrogatories, filed on August 19, 2016, is GRANTED IN PART;

3.    No later than October 28, 2016, Defendant shall serve responses to Plaintiff's Interrogatories Nos. 30, 39, 40, 44, 45, and 47, pursuant to this order, using Federal Express shipping service.  Defendants shall also bring a copy of the responses to the settlement conference on November 10, 2016; and

4.    No further motions to compel are permitted in this action.

IT IS SO ORDERED.

Dated:   **October 13, 2016**                       **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

7