UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVELL FRIERSON,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>OJEDA,<br><br>　　　　　Defendant. | 1:14-cv-00553-DAD-GSA-PC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER TO EXTEND DISPOSITIVE MOTIONS DEADLINE<br>(ECF No. 44.)<br><br>New Dispositive Motions Deadline:<br>**December 15, 2016** |

**I.       BACKGROUND**

Lavell Frierson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds with Plaintiff's initial Complaint, filed on April 18, 2014, against defendant Correctional Officer U. Ojeda ("Defendant") on Plaintiff's Eighth Amendment Claim arising out of the placement of a cellmate in Plaintiff's cell. This case is scheduled for a settlement conference on November 10, 2016 at 1:00 p.m. before Magistrate Judge Kendall J. Newman at the U. S. District Court in Sacramento, California. (ECF No. 34.)

On December 2, 2015, the Court issued a discovery and scheduling order setting out case deadlines, including deadlines of August 2, 2016 for completion of discovery and October 11, 2016 for the filing of dispositive motions. (ECF No. 25.)

On August 31, 2016, Defendant filed a motion to extend the deadline for filing dispositive motions. (ECF No. 44.) Plaintiff has not opposed the motion.

## II.     MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

## III.    DISCUSSION

Defendant represents that he intends to file a motion for summary judgment in this case. Defendant requests an extension of time to file a motion for summary judgment because this case is scheduled for a Settlement Conference on November 10, 2016 and could be resolved in its entirety at the Settlement Conference rendering any motion for summary judgment moot. Defendant argues that rather than expending the time and resources preparing and responding to a motion for summary judgment, it would make more sense at this juncture for the parties to focus their efforts on resolving the case at the settlement conference.

The Court finds good cause to extend the dispositive motions deadline until after the Settlement Conference. Plaintiff has not opposed Defendant's motion. Therefore, the dispositive motions deadline shall be extended to December 15, 2016 for all parties to this case.

///

///

**IV.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to modify the Court's scheduling order, filed on August 31, 2016, is GRANTED; and
2. The dispositive motions deadline is extended from October 11, 2016 to December 15, 2016, for all parties to this case.

IT IS SO ORDERED.

Dated:   **October 13, 2016**                             **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE